**FILED**
**Apr 28, 2022**
**12:23 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **UNCLE EDDIE,** | ) | **Docket No. 2021-06-1132** |
| **Employee,** | ) | |
| **v.** | ) | |
| **GOODWILL INDUSTRIES OF** | ) | **State File No. 41774-2020** |
| **MIDDLE TENNESSEE,** | ) | |
| **Employer,** | ) | |
| | ) | **Judge Joshua Davis Baker** |
| **ACCIDENT FUND GENERAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |

_____

### EXPEDITED HEARING ORDER
_____

At an April 19, 2022 expedited hearing, Mr. Eddie requested further medical care and temporary disability benefits for an accepted back injury, including the appointment of Dr. Narendra Singh as his authorized treating physician. Because he has an authorized treating physician willing to treat him, and because Goodwill was accommodating his restrictions when he quit, the Court denies his requests. He may, however, continue to see the authorized treating physician, Dr. Malcolm Steele.

### Claim History

Mr. Eddie was working as a materials handler for Goodwill when a forklift struck him in the back on July 6, 2020. Medical notes say the forklift did not knock him over, but he did have to "catch himself." Mr. Eddie agreed he did not fall down but was in severe pain and had to sit down for fifteen minutes before he reported the accident.

Goodwill accepted the claim and offered a panel. Mr. Eddie chose Dr. Steele and had an MRI. The MRI showed an annular fissure and "eccentric left bulge" as well as "moderate bilateral neuroforaminal stenosis" of the L5-S1 spinal cord disc level. The MRI also showed "mild to moderate" neuroforaminal stenosis at the L4-L5 level. After the

1

MRI, Dr. Steele placed extremely limiting work restrictions on Mr. Eddie and referred him for treatment with a specialist.

With work restrictions in place, Mr. Eddie returned to Goodwill, which accommodated those restrictions. Mr. Eddie continued to work until September 18, 2020, when he told his boss he could no longer take the pain and would return once he was able. Mr. Eddie, however, did not return to work for any employer and maintained his back pain prevented him from doing so.

Upon Dr. Steele's referral, Goodwill gave Mr. Eddie a panel of specialists, and he chose Dr. Gray Stahlman. According to his testimony, Mr. Eddie's sole visit with Dr. Stahlman lasted no longer than five to seven minutes and included little discussion about his condition. In a medical questionnaire completed about three months after this one visit, Dr. Stahlman essentially said the MRI findings—annular fissure, disc bulge, and stenosis— were not related to the accident at Goodwill. He said Mr. Eddie had a lumbar contusion and "acute low back pain," and had returned to "baseline" from the work accident. He released him back to Dr. Steele.

Mr. Eddie returned to Dr. Steele after Dr. Stahlman's release. Mr. Eddie testified that the nurse case manager told him he could no longer see Dr. Steele. In court, Goodwill asserted that he could return to Dr. Steele and offered an appointment.

While Mr. Eddie suffered back pain after the accident, the proof also showed he suffered back pain before the accident. Less than a month before the accident at Goodwill, Mr. Eddie sought care at Vanderbilt Orthopedics for problems with his knee and back and was treated by Dr. Gene Hannah. Importantly, Dr. Hannah diagnosed him with "chronic intermittent mechanical lumbar pain." The notes from that first visit show Mr. Eddie "has tightness across lower back which is non radiating."

When asked about this at trial, Mr. Eddie said the back pain mentioned in the record was limited to his lower left side and came up his leg from his knee. He maintained that his pain after the work accident spread across the entire lumbar region of his back.

Mr. Eddie also sought help from his primary care physician, Dr. Timothy Hinton. Dr. Hinton reviewed the MRI and said the stenosis issues seemed "old," but the remaining problems seemed acute. Dr. Hinton referred Mr. Eddie to Dr. Singh for his back complaints.

Dr. Singh diagnosed Mr. Eddie with ailments like those diagnosed by Dr. Stahlman: low back contusion, degenerative lumbar-spine disc disease, and lumbar facet disease. He said that "although [Mr. Eddie] did suffer a work-related jarring injury to his spine six months ago, at this time, greater than 50 percent of his current complaints are related to his underlying degenerative disc disease[.]" Dr. Singh prescribed medication, home exercises,

and believed he "may benefit from a medial branch block workup outside of the workers' comp setting." Mr. Eddie had two medial-branch blocks, but the treatment proved ineffective.

At trial, Mr. Eddie said that Dr. Singh wanted to try different therapy but did not provide details. Notably, Dr. Singh did not take Mr. Eddie off from work.

Like Dr. Stahlman, Dr. Singh also completed a medical questionnaire. He answered "no" when asked whether the disc bulge and stenosis were more than "51% caused" by his accident at Goodwill. However, he went on to say that the accident contributed more than fifty percent in causing an aggravation of an underlying preexisting lumbar injury. Finally, he said that all Mr. Eddie's treatment was "reasonably necessary to treat his low back injury."

**Findings of Fact and Conclusions of Law**

Mr. Eddie requested appointment of a new treating physician and temporary disability benefits. To succeed, he must present evidence showing he would likely prevail at a final hearing in proving entitlement to a new treating physician and that his workplace injury prevented him from working for Goodwill. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Even though Mr. Eddie has received treatment from authorized physicians, he argued he should receive treatment from Dr. Singh now instead, because the authorized physicians did not provide sufficient care and refused him treatment. He pointed to Dr. Stahlman's cursory exam, the nurse case manager's comment, and both authorized physicians' unwillingness to treat a preexisting condition unrelated to his work injury, which he suggested Dr. Singh has recognized instead as a work-related aggravation.

However, the Court finds Dr. Singh's opinion does not differ significantly from the authorized physicians' opinions on which conditions need treatment under workers' compensation. All three physicians recognized that Mr. Eddie has preexisting back problems. The physicians essentially diagnosed the same condition, and even Dr. Singh said that "although [Mr. Eddie] did suffer a work-related jarring injury to his spine six months ago, at this time, greater than 50 percent of his current complaints are related to his underlying degenerative disc disease[.]" When reading this together with Dr. Singh's medical questionnaire responses, it appears Dr. Singh recognized an injury that aggravated Mr. Eddie's lower back but did not cause his need for treatment. While he stated he provided reasonable and necessary treatment for the aggravation, this statement is too ambiguous to support Mr. Eddie's argument that the treatment was for the workplace injury rather than his preexisting back problems.

3

Put simply, Dr. Singh's opinion is not sufficient to convince the Court that Mr. Eddie is likely to prove a compensable aggravation at trial, and an authorized physician's refusal to treat an unrelated, preexisting condition does not equate to a refusal to treat a work-related injury.

While the completeness of Dr. Stahlman's examination is disputed, he did see Mr. Eddie and diagnosed preexisting conditions unrelated to the workplace accident. He also diagnosed a back contusion, from which Mr. Eddie had returned to "baseline" before referring him back to Dr. Steele. With the referral back to Dr. Steele, the Court holds that Dr. Steele remains Mr. Eddie's authorized treating physician, and Goodwill must, as it has agreed, continue to provide reasonable and necessary medical care for injuries incurred from his workplace accident.

Because Mr. Eddie already has an authorized treating physician, the Court does not find his request to change his authorized treating physician persuasive. The Court cannot find that Dr. Steele refused to treat Mr. Eddie's work injury, a circumstance that might entitle him to treatment from another physician. *See Limberakis v. Pro-Tech Sec., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *9 (Sept. 12, 2017). While Mr. Eddie said the nurse case manager told him he could no longer receive treatment from Dr. Steele, Goodwill unequivocally agreed he could return to Dr. Steele for treatment of his work injury. So, Mr. Eddie's request for a change of authorized physicians is denied.

Finally, Mr. Eddie seeks temporary disability benefits. To receive temporary total disability benefits, Mr. Eddie must prove that his compensable injuries totally disabled him from working for a specific duration. *See Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). This requires Mr. Eddie to prove that a physician took him off work or issued restrictions that prevented him from working. Because no physician took him completely off work for his work injury, and because Goodwill was accommodating his restrictions when he quit, the Court must deny his request.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Eddie's request to appoint Dr. Singh as the authorized treating physician and his request for temporary disability benefits.

2. Mr. Eddie may return to Dr. Steele for further treatment made reasonable and necessary by the July 6, 2020 accident.

3. The Court sets a **scheduling hearing on June 13, 2022, at 9:00 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

4

**ENTERED April 28, 2022.**

 

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

<u>Exhibits</u>

1.  Medical Records
2.  Mr. Eddie's Rule 72 Declaration
3.  Impairment Rating Report from Dr. Stahlman dated May 11, 2021
4.  Final Medical Report by Dr. Stahlman dated May 11, 2021
5.  Medical Record from Dr. Steele dated December 22, 2020
6.  Dr. Stahlman's Causation Response dated November 19, 2020
7.  Choice of Physician form selecting Dr. Steele
8.  Choice of Physician form selecting Dr. Stahlman

<u>Technical Record</u>

1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Expedited Hearing
4.  Employee's Motion in Limine
5.  Employer's Response to Motion in Limine
6.  Order Resetting Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 28, 2022.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tim Lee, Employee's Attorney | | | X | tim@timleelawfirm.com |
| Gordon Aulgur, Employer's Attorney | | | X | gordon.aulgur@afgroup.com angela.idomir@afgroup.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

7



<u>Expedited Hearing Order Right to Appeal</u>:

      If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____    ☐Employer ☐Employee

Address: _____    Phone: _____

Email: _____

Attorney's Name: _____    BPR#: _____

Attorney's Email: _____    Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*